UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| JANE DOE 1 and JANE DOE 2, | ) | |
| | ) | |
| Plaintiff Intervenors, | ) | Civil Action No. 18-CV-918 |
| v. | ) | |
| | ) | |
| ALLEGAN AREA EDUCATIONAL | ) | Judge Paul L. Maloney |
| SERVICE AGENCY, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

**I.     INTRODUCTION**

This action was brought by Plaintiff United States of America ("United States") against the Allegan Area Educational Service Agency ("AAESA") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, ("Title VII"), following the United States' receipt from the Equal Employment Opportunity Commission ("EEOC") of charges of discrimination timely filed by Plaintiff Intervenors ("Jane Doe 1 and Jane Doe 2") against AAESA. Jane Doe 1 and Jane Doe 2 have intervened in the action, alleging violations of Title VII arising from the same nucleus of facts as those alleged by the United States. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

In its Complaint, the United States alleges that AAESA discriminated against Jane Doe 1 and Jane Doe 2 on the basis of sex by subjecting them to sexual harassment and a hostile work environment in violation of Title VII. The allegations of the United States against AAESA are

set forth in detail in its Complaint. Jane Doe 1 and Jane Doe 2 allege similar violations of Title VII in their complaint in intervention.

The United States, AAESA, Jane Doe 1, and Jane Doe 2 (also referred to collectively as the "Parties" and singularly as "Party"), desiring that this action be settled by this Consent Decree ("Decree"), without the burdens and risks of protracted litigation, agree that this Court has jurisdiction over the Parties to this action. This Decree, being entered into with the consent of the United States, AAESA, Jane Doe 1, and Jane Doe 2, shall not constitute an adjudication or finding on the merits of the case, nor be construed as an admission by AAESA.

## II. FINDINGS

1. Having examined the terms and provisions of this Decree, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of and the Parties to this action;

    b. In resolution of this action, the Parties waive findings of fact and conclusions of law on the merits of this case, and further agree to entry of this Decree as a final and binding agreement amongst them with regard to all claims asserted in the United States' Complaint in this case.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, and ORDERS the following:

## III. DEFINITIONS

2. "Day" or "days" refer to calendar days, not business days, unless otherwise stated.

3. "Date of Entry of this Decree" is the date on which the Court enters this Decree as a final order of the Court.

## IV. PURPOSES OF THE CONSENT DECREE

4. The purposes of this Decree are to:

   a. provide general, non-monetary remedies that ensure that AAESA does not discriminate against any employee on the basis of sex in violation of Title VII; and

   b. provide remedies to Jane Doe 1 and Jane Doe 2.

## V. GENERAL INJUNCTIVE & EQUITABLE RELIEF

5. AAESA shall not:

   a. engage in any act or practice that discriminates against any AAESA employee on the basis of sex in violation of Title VII; or

   b. to the extent proscribed by Title VII, discriminate against any person because that person participated in or cooperated with the United States' investigation of AAESA, participated in the litigation of this case, complained about or opposed the challenged employment practices, or received or sought relief or otherwise benefitted under this Decree.

## VI. IMPLEMENTATION OF POLICY GOVERNING HARASSMENT

6. Within twenty days (20) days of the entry of this Decree, AAESA will submit to the United States for review a copy of its written policy governing harassment. If AAESA does not have a written policy governing harassment, or if its existing policy does not conform to the requirements set forth in Paragraph 7, AAESA will draft or revise such policy and submit the new or revised policy to the United States for review within the same twenty (20)-day time period.

7. AAESA's policy governing harassment shall include, at a minimum:

a. a description of the manner in which an AAESA employee may make a complaint of harassment or retaliation, including the identification of individuals authorized to accept complaints;

b. a description of the procedures that will be used to investigate all complaints of harassment and retaliation (including written and oral complaints), specifying all steps in the investigative process which will ensure informed decisions regarding the merits of a complaint. At a minimum such steps shall include:

   i. interviewing all relevant individuals and ensuring sufficient documentation of the interviews;

   ii. gathering and reviewing relevant documents; and

   iii. checking whether prior complaints of a similar nature were made against the same individual.

c. a description of the procedures for appropriate follow up and monitoring to ensure that harassment or retaliation does not continue where inappropriate conduct has been reported;

d. a description of the appropriate discipline policies, procedures, and guidelines that are designed to promptly correct harassment and retaliation;

e. a requirement that supervisors or managers who witness or learn of possible harassment or retaliation must take prompt action to report and address the issue; and

f. a description of accountability measures, including any appropriate discipline, to ensure that supervisors and managers implement the policies relating to reporting, investigating, preventing, and correcting instances of harassment and retaliation.

8. Within fifteen (15) days of receiving the policy governing harassment, the United States will review the policy to determine if it complies with the requirements set forth in Paragraph 7. If the United States believes the policy does not comply with Paragraph 7, the United States will provide its comments and objections to AAESA within the same fifteen (15)-day time period. The United States and AAESA will use their best efforts to resolve any dispute about whether the policy complies with Paragraph 7 within thirty (30) days of AAESA's receipt of the United States' comments and objections. If the United States and AAESA are unable to reach agreement about whether the policy complies with the requirements of Paragraph 7, the United States and AAESA will follow the procedures set forth in Paragraph 28 regarding disagreement as to compliance with the Decree.

9. Within twenty-one (21) days from the date that the United States provides written assurance that it has no further objections to AAESA's written policy governing harassment or, absent such assurance, where ordered by this Court, AAESA will implement such policy. Within fifteen (15) days of implementing the policy governing harassment, AAESA will distribute a copy of the policy to all AAESA employees. AAESA will ensure that each employee signs an acknowledgement that he or she has received and read the policy. For employees who are not working at AAESA at the time the policies are distributed (such as employees who are on extended leave and/or summer break), AAESA shall re-distribute the copy of the policy within fifteen (15) days of their return to work and obtain this acknowledgement no later than ten (10) days after distribution of the policy. Thereafter, AAESA will ensure that each new employee receives a copy of the policy

within fifteen (15) days of hire. AAESA also will ensure that each new employee signs an acknowledgement that he or she has received and read the policy no later than ten (10) days of his/her receipt of the policy.

10. Within fifteen (15) days of implementing the policy governing harassment, AAESA will publicize the policy by posting it on its website and in all AAESA locations that are commonly used for posting notices.

**VII. TRAINING**

11. <u>Vendor Training:</u> By October 31, 2019, AAESA will ensure that all AAESA employees receive mandatory, in-person training regarding harassment and that all AAESA supervisors, managers, and individuals charged with implementing AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation also receive training regarding their responsibilities in implementing and enforcing AAESA's policy governing harassment. AAESA will ensure that both trainings are provided by an outside vendor with sufficient expertise on issues relating to harassment. AAESA shall pay all costs and expenses related to the trainings. AAESA will coordinate with the vendor to ensure that the trainings include an explanation of AAESA's policy governing harassment. Within twenty (20) days after the trainings occur, AAESA will provide the United States the names and titles of the employees who received each training, specifying for each employee which training(s) he or she received.

12. <u>In-House Training:</u> AAESA will develop two separate, mandatory trainings regarding harassment, one for AAESA employees ("AAESA employee training") and one for AAESA's supervisors, managers, and individuals charged with implementing

AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation ("AAESA supervisory training"). The AAESA employee training shall include, at a minimum:

a. an explanation of AAESA's policy governing harassment;

b. an explanation of Title VII's prohibitions against harassment and hostile work environments; and

c. an explanation of Title VII's prohibition against retaliation.

The AAESA supervisory training shall include, at a minimum, an explanation of AAESA's process for accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation.

13. Within sixty (60) days from the date of the vendor training referenced in Paragraph 11, AAESA will submit to the United States for review the training materials to be used for the AAESA employee training and the AAESA supervisory training. Within fifteen (15) days of receiving the training materials, the United States will review the materials to determine if the materials comply with the requirements set forth in Paragraph 12. If the United States believes the materials do not comply with Paragraph 12, the United States will provide its comments and objections to AAESA within the same fifteen (15)-day time period. AAESA and the United States will use their best efforts to resolve any dispute about whether the training materials comply with Paragraph 12, within thirty (30) days of AAESA's receipt of the United States' comments and objections. If the United States or AAESA are unable to agree about whether the training materials comply with the requirements of Paragraph 12, the

United States or AAESA will follow the procedures set forth in Paragraph 28 regarding disagreement as to compliance with the Decree.

14. Within thirty (30) days from the date that the United States provides written assurance that it has no further objections to AAESA's training materials or, absent agreement, where ordered by this Court, AAESA will ensure that each new employee completes the AAESA employee training within thirty (30) days of hire and that each new supervisor, manager, or individual charged with implementing AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation receives the AAESA supervisory training within thirty (30) days of assuming his or her new position. For employees who are hired or promoted more than thirty (30) days before the next regularly scheduled new-hire orientation, AAESA may provide the AAESA employee or AAESA supervisory training session using a recording of an earlier training session, though the employee must attend the training session the next time it is offered at an in-service training. AAESA also will ensure that each new employee signs an acknowledgement that he or she has completed the AAESA employee training and that each new supervisor, manager, or individual charged with implementing AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation signs an acknowledgment that he or she has completed the AAESA supervisory training.

15. Within twelve months of the trainings required by Paragraph 11, as part of its annual anti-harassment training, AAESA will provide the AAESA employee training to all AAESA employees and the AAESA supervisory training to all AAESA supervisors,

managers, and individuals charged with implementing AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation. AAESA will ensure that each employee signs an acknowledgement that he or she has completed the AAESA employee training and that each supervisor, manager, or individual charged with implementing AAESA's policies on accepting, investigating, and making determinations regarding complaints involving harassment and/or retaliation signs an acknowledgement that he or she has completed the AAESA supervisory training.

16. Within twenty (20) days after the training required by Paragraph 15 occurs, AAESA will provide to the United States copies of all training materials used and written confirmation that all individuals required to receive such training have received it.

## VIII. MONETARY RELIEF FOR JANE DOE 1 AND JANE DOE 2

17. In settlement of the United States' claims for relief, AAESA agrees to pay Jane Doe 1 a total of $250,000, in exchange for a release of claims. AAESA further agrees to pay Jane Doe 2 a total of $200,000, in exchange for a release of claims.

18. As a condition for her receipt of the $200,000 set forth in this Decree, Jane Doe 2 is not required to leave her employment with AAESA.

19. To receive relief under this Decree, Jane Doe 1 and Jane Doe 2 must execute a release and return it to AAESA within thirty (30) days of entry of the Decree.

20. AAESA will provide the United States with a copy of each executed release within three (3) days of receipt of a release from Jane Doe 1 and Jane Doe 2.

21. Within five (5) days of receipt of the executed release from Jane Doe 1 and Jane Doe 2, AAESA will hand deliver checks to the offices of Kalniz, Iorio & Reardon, CO. L.P.A., 4981 Cascade Rd. SE, Grand Rapids, MI 49546 as follows:

    a. $250,000 made payable to Jane Doe 1 and Kalniz, Iorio & Reardon, CO. L.P.A.; and

    b. $200,000 made payable to Jane Doe 2 and Kalniz, Iorio & Reardon CO. L.P.A.

    AAESA will obtain a written receipt to confirm delivery of these checks.

22. The amounts attributable to compensatory damages are pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981. AAESA will issue an IRS Form 1099 and any other appropriate tax form(s) for the amount of these damages.

23. Within five (5) days of AAESA's receipt of proof of delivery to Jane Doe 1 and Jane Doe 2 of the checks referenced in Paragraph 21, AAESA will provide the United States with copies of the checks and proof of delivery.

## IX. COMPLIANCE MONITORING

24. For the duration of this Decree, AAESA will send quarterly reports to the United States identifying all complaints of discrimination on the basis of sex, including sexual harassment, and any related complaints of retaliation. The first quarterly report is due ninety (90) days after the date of entry of this Decree, with a report due every ninety (90) days after that for the duration of the Decree. At a minimum, the reports provided to the United States shall include the following:

a. the date of the complaint and the date the complaint was received by AAESA (if different from the date of the complaint);

b. whether the complaint was oral or written;

c. a description of the complaint;

d. the name(s) and title(s) of individual(s) who conducted or are conducting the investigation, the date the investigation was concluded, and the steps taken during the investigation;

e. if an investigation is ongoing, the stage of the investigation, the name(s) of individual(s) interviewed, and an estimate of when the investigation is expected to conclude; and

f. the findings of the investigation and nature of any corrective action or discipline given; and

g. a description of AAESA's efforts to ensure that the accountability measures for supervisors and managers implemented under Paragraph 7(f) are carried out.

25. Upon request of the United States, AAESA will produce additional documents and information relating to any complaint of discrimination on the basis of sex, including sexual harassment, and any related complaints of retaliation.

26. AAESA will retain the following documents and information during the term of this Decree, or for the period of time required by other applicable records retention requirements, whichever is longer:

a. the policy governing harassment implemented pursuant to Paragraph 9 and its effective date;

b. the signed acknowledgment forms required pursuant to Paragraphs 9, 14, and 15; and

   c. all documents that come into AAESA's possession relating to any written or verbal complaint of discrimination on the basis of sex, including sexual harassment, or related retaliation, made by any employee, including documents relating to AAESA's investigation and resolution of any such complaints.

27. The United States may review AAESA's compliance with this Decree at any time and accordingly will have the right to inspect and copy any documents related to AAESA's compliance with this Decree upon fifteen (15) days' written notice to AAESA, without further order from this Court.

X. **DISPUTE RESOLUTION**

28. The United States and AAESA will attempt in good faith to resolve informally any dispute concerning AAESA's compliance with this Decree. Upon request by the United States or AAESA, the United States and AAESA, through their counsel, will make themselves available for a telephone conference to discuss any such dispute within ten (10) days of such a request. If the United States and AAESA are unable to reach agreement after informally seeking to resolve the dispute, either Party may move the Court to enforce this Decree and may seek a ruling that enforces this Court Order, provided the moving Party gives at least thirty (30) days written advance notice to the nonmoving Party.

29. In the event there is a dispute regarding AAESA's satisfaction of the terms of this Decree set forth under the heading "VIII. MONETARY RELIEF FOR JANE DOE 1 AND JANE DOE 2," Jane Doe 1 and Jane Doe 2 may present that dispute to the

Court for resolution provided they first comply with the procedure set forth in Paragraph 28.

XI. **MODIFICATION OF THE DECREE**

30. This Decree constitutes the entire agreement and all commitments between the United States and AAESA. The Defendants, Jane Doe 1, and Jane Doe 2 have entered into separate settlement agreements.

31. The United States and AAESA may agree to modifications of the time limits for the specific performance of the non-monetary relief provisions set forth in this Decree without Court approval. The United States and AAESA may agree to other modifications of the non-monetary relief provisions of the Decree only with approval of the Court. The Parties may agree to modifications of the time limits for the specific performance of the monetary relief provisions set forth in this Decree without Court approval. The Parties may agree to other modifications of the monetary relief provisions of the Decree only with approval of the Court.

XII. **JURISDICTION OF THE COURT**

32. The Court shall retain jurisdiction over this Decree for the purposes of implementing the relief provided herein, and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein.

XIII. **DURATION OF CONSENT DECREE AND TERMINATION**

33. This Decree is in effect for eighteen (18) months from the Date of Entry of this Decree and will expire without further order of the Court at the conclusion of this eighteen (18)-month period.

## XIV. GENERAL PROVISIONS

34. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

35. The Parties will bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring.

36. Where possible, all documents required to be delivered to the United States under this Decree shall be sent via electronic mail to Lori Kisch (at lori.kisch@usdoj.gov) and Hillary Valderrama (at hillary.valderrama@usdoj.gov). Where such electronic mail is not possible, documents shall be sent *via overnight delivery* to:

> Lori Kisch
> Hillary Valderrama
> Employment Litigation Section
> Civil Rights Division
> United States Department of Justice
> 601 D Street, N.W., PHB Room 4711
> Washington, D.C. 20530

37. All documents required to be delivered under this Decree to AAESA shall be sent via electronic mail where possible to Superintendent William Brown (at wbrown@alleganaesa.org), Assistant Superintendent Abby Lloyd (at alloyd@alleganaesa.org), and Mark Ostrowski (at marko@kgvlaw.com). Where such electronic mail is not possible, documents shall be sent via overnight delivery to:

> Superintendent William Brown
> Assistant Superintendent Abby Lloyd
> 310 Thomas Street
> Allegan, MI 49010

**IT IS SO ORDERED** this 17th day of  July  2019.

        /s/  Paul L. Maloney
       Honorable Paul L. Maloney
       United States District Judge

Date: _____

**Agreed to and entered into by:**

       ERIC S. DREIBAND
       Assistant Attorney General
       Civil Rights Division
       United States Department of Justice

BY:   DELORA L. KENNEBREW
       Chief
       Employment Litigation Section
       Civil Rights Division
       United States Department of Justice

       /s/ Lori B. Kisch
       LORI B. KISCH (DC Bar No. 491282)
       Special Litigation Counsel
       Employment Litigation Section
       Civil Rights Division
       United States Department of Justice
       601 D Street, NW
       Patrick Henry Building, Room 4605
       Washington, DC 20579
       Telephone:  (202) 305-4422
       Facsimile:   (202) 514-1105
       Email: lori.kisch@usdoj.gov

       /s/ Hillary K. Valderrama
       HILLARY K. VALDERRAMA (TX Bar No. 24075201)
       Senior Trial Attorney
       Employment Litigation Section
       Civil Rights Division
       United States Department of Justice
       601 D Street, NW
       Patrick Henry Building, Room 4711
       Washington, DC 20579
       Telephone:  (202) 616-5546

Facsimile: (202) 514-1105
Email: hillary.valderrama@usdoj.gov

ANDREW B. BIRGE
United States Attorney

s/ Ryan D. Cobb
RYAN D. COBB
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501
(616) 456-2404
Ryan.Cobb@usdoj.gov

*Attorneys for the United States*


 /s/ Fillipe S. Iorio
FILLIPE S. IORIO (P58741)
Kalniz, Iorio & Reardon, CO. L.P.A.
4981 Cascade Rd. SE
Grand Rapids, MI 49546
616-940-1911
Fax: 616-940-1942
fiorio@ioriolegal.com

*Attorney for Plaintiff Intervenors*


 /s/ Mark T. Ostrowski
MARK T. OSTROWSKI (P49761)
Jessica M. Stark (P80647)
Bogomir Rajsic, III (P79191)
Kluczynski, Girtz & Vogelzang
5005 Cascade Road, SE, Suite A
Grand Rapids, MI 49546
616-459-0556

*Attorneys for Defendants*